**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**HUGO ISRAEL ALFARO**, an individual,
and behalf of all similarly situated,                              Hon.
                Plaintiff,                                             Case No.
v.

**SARMIENTO CONSTRUCTION, LLC,** a
Domestic Limited Liability Company,
**PETRA SARMIENTO**, and **JOSE DE LA**
**TORRE DE LA TORRE,** individuals,
jointly and severally,
                Defendants.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through his attorneys at Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff and others similarly situated (hereinafter referred to as "Plaintiffs"), to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the period of the parties' employment relationship, Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

3. During the period of the parties' employment relationship, Defendants failed to compensate Plaintiff the mandated overtime premium at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiff is similarly situated with other employees who worked for or are working for Defendants who were not compensated the mandated minimum wage or overtime premium for all hours worked in excess of forty (40) in a work week.

5. Plaintiff seeks a declaration that his rights, and those of others similarly situated, were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs. At the earliest time possible, Plaintiff seeks permission to send a Court authorized notice of this action, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals and potential class members.

6. Defendants, likewise, have not and do not pay the minimum wage or overtime rate to other similarly situated workers. Plaintiff brings a Collective and Class Action to recover unpaid minimum wage and overtime compensation owed to himself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective and Class Actions are hereinafter referred to as "Class Members."

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

9. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

10. Employees of Defendant Sarmiento Construction, LLC (hereinafter referred to as "Sarmiento Construction") were either (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

11. Plaintiff and Class Members were engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

12. Defendant Sarmiento Construction's annual gross volume of sales made or business done is not less than $500,000.

13. Defendant Sarmiento Construction employs more than two persons.

14. Defendant Petra Sarmiento (hereinafter referred to as "Sarmiento") employs more than two persons.

15. Defendant Sarmiento Construction is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Wyoming, Michigan, within the United States Judicial District of the Western District of Michigan.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

17. Plaintiff Hugo Israel Alfaro is an individual who at all time relevant to this complaint resided in the County of Kent, State of Michigan.

18. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

19. Defendant Sarmiento Construction, LLC is a domestic limited liability company whose registered office is located at 1958 Kamp Ave SW, Wyoming, MI 49509. *Exhibit B*.

20. Defendant Sarmiento Construction is a company specialized in roof replacement and roof installation on residential homes.

21. Defendant Petra Sarmiento is an individual who at all times relevant to this complaint was the resident agent and owner of Defendant Sarmiento Construction.

22. Defendant Sarmiento at all time relevant to this complaint set Plaintiff's rate of compensation and was responsible for compensating Plaintiff.

23. Defendant Sarmiento at all times relevant to this complaint was responsible for the day to day operations of Sarmiento Construction.

24. Defendant Jose Antonio De La Torre De La Torre ("De La Torre") is an individual who at all times relevant to this complaint assisted Defendant Sarmiento in the day to day operations of Sarmiento Construction.

25. Defendant De La Torre at all times relevant to this Complaint was Plaintiff's direct supervisor.

26. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

27. Plaintiff was employed by Defendants during two (2) different time periods.

28. Plaintiff was initially employed by Defendant from August to November of 2019 (hereinafter referred to as "Term 1").

29. Plaintiff returned to work for Defendants from March 1, 2020 until January 12, 2021 (hereinafter referred to as "Term 2").

30. Plaintiff ceased working for Defendants due to a work accident and injury.

31. During both employment terms, Plaintiff worked six (6) days a week (Monday through Saturday) from 7 am to 8 pm..

32. During both employment terms, Plaintiff worked on average two (2) Sundays out of every month. Hours worked on Sundays varied.

33. During both employment terms, Plaintiff was paid a piece rate wage, with the exception of a period of three (3) weeks when he worked in Petoskey, Michigan and was paid a daily rate.

34. During both employment terms, regardless of the hours worked per week, Plaintiff was solely paid a piece rate wage.

35. During both employment terms, Plaintiff worked on average 78 hours per work week.

36. During his employment with Defendants, Plaintiff was never compensated the mandatory overtime premium for all hours worked in excess of forty (40) hours in a single work week.

37. For roofing installation on a newly built home, Plaintiff was compensated at a rate of $30 per unit.

38. One (1) unit consists of about three bundles of shingles. Each bundle of shingle covered approximately an area of thirty-two (32) square feet.

39. When Plaintiff had to travel to a work site,Plaintiff was paid at a rate of $35 per unit for roofing installation on a newly built home.

40. Additionally, Plaintiff also completed work where roofing was to be replaced.

41. For a roofing replacement worksite, that consisted of removal of old shingle and installation of new shingle, Plaintiff was compensated $60 per unit.

42. Plaintiff was compensated $65 per unit if he had to travel farther to a work site.

43. Defendant Sarmiento and Defendant De La Torre were the individuals who decided if the additional $5 per unit was warranted.

44. Typically, if Plaintiff traveled to Midland, Traverse City, or similar long distance destinations, he would receive the additional $5 per unit.

45. Plaintiff worked for Defendants on a job site in Petoskey, Michigan for three weeks during Term 2 of his employment with Defendants.

46. During this time in Petoskey, Plaintiff was compensated a daily rate of $300 per day, while working five (5) to six (6) days a week.

47. This was the only time during his employment with Defendants that Plaintiff was paid at a daily rate versus a piece rate wage.

48. During Term 1, Plaintiff was paid in cash for his wages.

49. During Term 2, Plaintiff was paid in cash and check.

50. Plaintiff's brother also worked for Defendants.

51. At the beginning of Plaintiff's employment, he was paid via an individual check separate from his brother's wages.

52. In late 2020, Defendants started paying Plaintiff and his brother on one check.

53. Plaintiff was unaware of the reason for the wages being paid via one (1) check.

54. The check for wages was sometimes made out to Plaintiff and sometimes to his brother.

55. Defendants did not give a reason as to why the checks for wages were not separate.

56. Defendant Sarmiento was responsible for paying Plaintiff according to the amount of units completed in a week.

57. Defendant Sarmiento was in charge of payroll and signing the checks he received for payment.

58. Plaintiff would report on a daily basis the amount of units that he completed to Defendant De La Torre, who would then relay this information to Defendant Sarmiento to pay Plaintiff accordingly.

59. Defendant De La Torre would inform Plaintiff of the job site location for each day.

60. Defendant De La Torre received this information from Defendant Sarmiento.

61. Defendant De La Torre handled any questions or concerns that Plaintiff had in regards to the job site and work being performed.

62. If there were any complaints and/or problems with the work quality that Plaintiff and other employees completed, this was brought to Defendant De La Torre's attention.

63. Defendant De La Torre would then handle these complaints with Plaintiff and the other employees.

64. Defendant Sarmiento Construction provided Plaintiff with the van to travel to the different work sites.

65. Defendants additionally provided the larger equipment and tools necessary to complete the work. These tools and equipment included but were not limited to a compressor, ladders, generators, tarps, and shovels to remove shingles.

66. The only equipment Plaintiff, and other employees, supplied for himself were small hand tools such as: a nail gun, hammer, and knife. These tools were not requested to be provided by Defendants.

67. On January 12, 2021, Plaintiff was injured on the job and was unable to continue working for Defendants.

68. During his employment, Plaintiff worked for all Defendants.

69. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

70. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

71. Defendants did not compensate Plaintiff at a rate equal to one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

72. Defendants did not compensate Plaintiff at a rate equal to one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

73. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

74. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate equal to one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

75. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

76. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COLLECTIVE ACTION ALLEGATIONS

77. Plaintiff realleges and incorporates herein all previous paragraphs.

78. All claims set forth in all Counts of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendants at any time in the three years prior to the filing of this action, and 2) were or are subject to the violations of the FLSA described in Count I and II. Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

79. With respect to all Counts, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff.

80. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as the individually named Plaintiff.

81. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over 10 individuals.

82. The class of individuals spans all employees who worked for Defendants.

83. As such, the class of similarly situated Class Members are properly defined as follows:

    *Current and former employees of Sarmiento Construction, LLC. and Petra Sarmiento or Jose De La Torre De La Torre who were not compensated the mandated minimum wage for all hours worked or the overtime premium for hours worked in excess of 40 hours during a workweek.*

    Plaintiffs reserve the right to amend this definition as necessary.

## CLASS ACTION ALLEGATIONS

84. Plaintiff brings Count III of this action as a class action pursuant to Federal Rule of Civil Procedure 23.

85. Named Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter the "Class"):

    **The Rule 23 Class is defined as follows:**

    *Current and former employees of Sarmiento Construction, LLC. and Petra Sarmiento or Jose De La Torre De La Torre who were not compensated the mandated minimum wage for all hours worked.*

86. All requirements of Federal Rule of Civil Procedure 23 are satisfied to maintain a class action.

87. The individuals in the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members has not been determined at this time, upon information and belief, Defendants have employed over 40 Class members during the relevant time period. Plaintiff and members of the Rule 23 Class were equally affected by Defendants' violations of law.

88. There are questions of law and fact common to the Class that predominate over any questions affecting individual members, including, but not limited to:

    a. Whether Defendants violated the rights of Plaintiff and the Class by failing to properly pay them the mandated minimum wage for all hours worked in a workweek;

    b. The amount of damages, restitution, and/or other relief (including all applicable civil penalties, liquidated damages, and equitable relief available to which Plaintiff and the Class Members are entitled); and

    c. Whether Defendant should be enjoined from such violations in the future.

89. Plaintiff's claims are typical of those of the Class. Plaintiff, like other members of the Class, were subjected to Defendants' policies and willful practices of failing to pay the mandated minimum wage as required for all hours in a workweek. Plaintiff and members of the Rule 23 Class have sustained similar injuries as a result of the Defendants' actions.

90. Plaintiff is an adequate representative of the Class. Plaintiff retained counsel experienced in complex wage and hour cases and collective/class action litigation.

91. Plaintiff is a member of the Class. Given Plaintiff's injuries and losses, Plaintiff is committed to the prosecution of this action for the benefit of the Class.

92. Plaintiff has no interest that would cause him to act adversely to the best interests of the class action litigation. This action is maintainable as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

93. This action is maintainable as a class action because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class

and because a class action is superior to other methods for the fair and efficient adjudication of this action.

94. Plaintiff intends to send notice to all members of the Rule 23 Class to the extent required by the Federal Rules of Civil Procedure.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

95. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

96. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

97. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

98. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

99. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

100. Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

101. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

102. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

103. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

104. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

105. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

106. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. § 206.

107. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

108. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

109. Defendants' violations of the FLSA were knowing and willful.

110. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

111. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT III
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*,
## FAILURE TO PAY MINIMUM WAGE AND OVERTIME

112. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

113. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

114. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

115. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

116. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

117. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

118. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

119. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

120. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. Certifying this case as a Collective Action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I and II;

B. Certifying this case to proceed as a class action in accordance with Federal Rule of Procedure 23 with respect to the IWOWA claims set forth in Count III;

C. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

D. Designation of Named Plaintiff as Representative of the Class Members;

E. Designation of Plaintiff's counsel as Class counsel;

F. Declaring Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth in Count I and II;

G. Declaring Defendants violated their obligations under the FLSA;

H. Declaring Defendants violated their obligations under IWOWA;

I. Granting judgment in favor of Plaintiff and Class Members and against Defendant on the FLSA claim as set forth in Count I and II and awarding each the amount of his/her unpaid wages, along with an equal amount as liquidated damages;

J.	Granting Judgment in favor of Plaintiff and Class members and against Defendant on Count III and awarding each the amount of his/her unpaid wages along with an equal amount in liquidated damages;

K.	Awarding Plaintiff and Class Members the costs of this action;

L.	Awarding Plaintiff and Class Members reasonable attorneys' fees pursuant to the FLSA;

M.	Awarding Plaintiff and Class Members reasonable attorney fees pursuant to the IWOWA;

N.	Awarding Plaintiff and Class Members pre- and post-judgment interest on their damages;

O.	Defendant pay prejudgment interest to Plaintiff and Class Members on these damages; and

P.	The Court grant such other and further relief as the Court may deem just or equitable.


Dated: September 27, 2021		Respectfully Submitted,

		*/s/   Robert Anthony Alvarez           .*
		Robert Anthony Alvarez (P66954)
		Attorney for Plaintiff
		Avanti Law Group. PLLC


### REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 27, 2021		Respectfully Submitted,

		*/s/   Robert Anthony Alvarez           .*
		Robert Anthony Alvarez (P66954)
		Attorney for Plaintiff
		Avanti Law Group. PLLC

## VERIFICATION

I declare under the penalty of perjury under the laws of the United States of America that the statements outlined above in my Original Complaint are true and correct.

Date: 23/08/2021

Signature

Hugo Irael Alfaro
Printed Name