UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

Hugo Israel Alfaro,

    Plaintiff,

v.

Sarmiento Construction, LLC,
et al.,

    Defendants.
_____/

Hon. Phillip J. Green

Case No. 1:21-cv-0838

**ORDER GRANTING DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff's motion for default judgment against Defendants Petra Sarmiento and Sarmiento Construction, LLC. (ECF No. 55). Defendants did not respond. Having conducted an evidentiary hearing, and for the reasons articulated herein, the Court will grant the motion for default judgment and enter judgment against Defendants in the amount of $57,000.00 plus attorney's fees and costs.

**Background and Procedural History**

Plaintiff initiated the present action on September 27, 2021, claiming Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, by failing to pay him overtime for hours worked in excess of forty per week. (Compl.,

ECF No. 1, PageID.12-13).[1]  Plaintiff also claims that, in failing to pay overtime, Defendants violated Michigan's Improved Workforce Opportunity Wage Act, MCL § 408.931, *et seq*. (*Id.* at PageID.14).  Plaintiff was permitted to proceed *in forma pauperis*. (*See* ECF No. 6).  The U.S. Marshal served Defendants with the complaint and summons on December 13, 2021.  (ECF No. 7).  Defendants timely answered on January 3, 2022.  (ECF No. 8).  Plaintiff amended his complaint on March 15, 2022 (ECF No. 16), essentially maintaining the same claims, and Defendants answered on March 29, 2022 (ECF No. 19).  The parties consented to the jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c) (*see* Joint Notice, ECF No. 29), and the district judge entered an order of reference (*see* ECF No. 30).

On May 12, 2023, counsel for Defendants moved to withdraw.  (ECF No. 44). Counsel noted that Defendants were no longer communicating with him; they had failed to respond to his repeated requests for documents and information needed for discovery; and they had refused to pay an outstanding bill for his services.  (*Id.* at PageID.182).  Counsel also informed the Court that Defendant Petra Sarmiento failed to appear for her April 20, 2023, deposition.  (*Id.* at PageID.182).  Counsel acknowledged that, given his clients' lack of cooperation, he was unable to oppose Plaintiff's motion to compel discovery.[2]  (*Id.* at PageID.182).

---

[1] The complaint also named Jose De La Torre De La Torre as a defendant, but the claims against him were dismissed with prejudice pursuant to the parties stipulation. (*See* ECF No. 27, 28).

[2] On May 2, 2023, Plaintiff filed a motion to compel discovery, noting that Defendants had failed to respond to document requests and a deposition notice.  (ECF No. 40).

The Court granted that motion on June 7, 2023. (ECF No. 49). Defendant Sarmiento Construction, LLC, was given thirty days to obtain new counsel. (*Id.* at PageID.192). No attorney has filed an appearance on behalf of either defendant, nor has Defendant Petra Sarmiento engaged in her own defense. On September 19, 2023, Plaintiff filed an application for default (ECF No. 53) with a supporting affidavit (ECF No. 53-1), and the Clerk of Court entered default the next day. (ECF No. 54).

On October 5, 2023, Plaintiff filed a motion for default judgment against both defendants. (ECF No. 55). Plaintiff seeks a total of $57,000.00 – $28,500.00 in outstanding overtime pay with an additional $28,500.00 in liquidated damages. (ECF No. 55, PageID.221). Plaintiff also seeks attorney's fees and costs. (*Id.*).

On October 24, 2023, the Court conducted a hearing on the motion for default judgment. (Minutes, ECF No. 58). Neither defendant appeared in person or through counsel.

## Discussion

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (Emphasis supplied). There is no question here that, while Defendants answered the claims, they have subsequently failed to defend.

Plaintiff has submitted an affidavit and a spread sheet recounting the hours worked per pay period. (ECF No. 55-2). This demonstrates that Plaintiff worked a total of 2470 hours of overtime from August 1, 2019, through January 10, 2021. (*Id.*

3

at PageID.223-25). His regular rate of pay is calculated at $23.08. (*Id.* at PageID.221). Using that rate and multiplying it by 1.5, as required to compute overtime pay, the overtime hourly rate is $34.62. Given that Plaintiff was paid his regular rate of $23.80 for each hour of overtime worked, the lost overtime pay is computed by subtracting the regular rate of $23.80 from the overtime rate of $34.62, resulting in a differential of $11.54 per hour. Multiplying that differential by the 2470 hours of overtime worked, results in approximately $28,500.00 in lost overtime pay.[3]

Having reviewed the evidence submitted, the Court is satisfied that Plaintiff has established his entitlement to an award of lost overtime pay, and that Plaintiff has submitted sufficient proof of the amount of that lost overtime pay. *See* FED. R. CIV. P. 55(b)(2). Inasmuch as Defendants have offered nothing to support their burden of demonstrating that they acted in a reasonable good faith belief that they were in compliance with the FLSA, Plaintiff is entitled to liquidated damages. *See* 29 U.S.C. § 216(b); *see also Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 840-41 (6th Cir. 2002) (a Court abuses its discretion by not awarding liquidated damages in the absence of a showing by the employer that its violation of the FLSA was based on a reasonable, good faith interpretation of the Act). This requires the Court to award Plaintiff an additional amount of $28,500.00, bringing the total award to $57,000.000

---

[3] The actual amount is $28,503.33, but because Plaintiff is seeking only $28,500.00, the Court will use the same figure.

Accordingly, the Court **GRANTS** Plaintiff's motion for default judgment and it will enter judgment in favor of Plaintiff and against Defendants Petra Sarmiento and Sarmiento Construction, LLC, jointly and severally, in the amount of $57,000 plus attorney's fees and costs. The amount of attorney's fees and costs will be determined through the filing of a post-judgment petition.

**IT IS SO ORDERED**.

Date: January 24, 2024      /s/ Phillip J. Green
                            PHILLIP J. GREEN
                            United States Magistrate Judge